15 F.3d 855
 UNITED STATES of America ex rel. BARTEC INDUSTRIES, INC.,
Plaintiff-Appellee-Cross-Appellant
v.
UNITED PACIFIC COMPANY, dba United Pacific Reliance Company,
Defendant-Appellant-Cross-Appellee.
KAUAI BUILDERS, INC., Defendant-Third-party Plaintiff
v.
SIMPSON-IRVINE, a joint venture organized in the State of
California; Federal Insurance Company, a New
Jersey corporation, Third-party
Defendants-Cross-Appellees.
SIMPSON-IRVINE, a joint venture, Fourth-party Plaintiff-Cross-Appellee
v.
BARTEC INDUSTRIES, INC., Fourth-party Defendant Cross-Appellant.
 Nos. 91-15805, 91-15935.
 United States Court of Appeals,
Ninth Circuit.
 Jan. 31, 1994.
 
 Before: WALLACE, Chief Judge, GOODWIN and POOLE, Circuit Judges.
 
 
 1
 The Opinion filed October 6, 1992, slip op. 12085 and appearing at 976 F.2d 1274 (9th Cir.1992) are amended as follows. At slip op. 12091, 976 F.2d 1276, delete the final two sentences from the third full paragraph under the "FACTS " section and substitute the following in the paragraph:
 
 
 2
 "Both Simpson and Bartec then filed separately the necessary claim against Matson, which in turn paid Simpson $172,835.31 for costs associated with the damaged steel. Matson also agreed to pay $50,063 for the lost beams."At slip op. 12098, 976 F.2d 1279, under "C. Prejudgment Interest," delete the last two paragraphs and substitute the following:
 
 
 3
 "Under California law prejudgment interest is available if the damages awarded are "certain, or capable of being made certain by calculation." Cal.Civ.Code Sec. 3287(a) (West 1970). Certainty in this context requires that "(1) ... the debtor knows the amount owed or (2) ... the debtor would be able to compute the damages." Fireman's Fund Ins. v. Allstate Ins., 234 Cal.App.3d 1154, 1173, 286 Cal.Rptr. 146, 158 (1991) (citation omitted). It is sufficient that the claim of the party seeking interest be certain: "[E]ven though the existence of an unliquidated counterclaim or set-off necessarily puts the amount payable in doubt, it is well settled that it does not render the claim itself uncertain or deprive the claimant of the right to prejudgment interest." Fluor Corp. v. United States, 405 F.2d 823, 830 (9th Cir.1969) (applying California law).
 
 
 4
 "In this case, Bartec had a liquidated claim under its contract with Simpson. While the parties disputed the costs of replacing the lost steel, since Simpson covered, it could have calculated the cost of that cover as well as the amount remaining unpaid under the contract. Given that Bartec's claim was certain, the parties' dispute over the effect of the insurance proceeds paid Simpson could alter the amount of interest owed Bartec but not the right to receive any. Since California law clearly entitled Bartec to pre-judgment interest, the district court abused its discretion by not awarding interest."
 
 
 5
 At slip op. 12100, 976 F.2d 1280, under "CONCLUSION," delete the only paragraph and substitute the following:
 
 
 6
 "The judgment is AFFIRMED IN PART and REVERSED IN PART and REMANDED for calculation of Bartec's damages and explanations why costs were not awarded and judgment not entered against Simpson or Federal Insurance Company."
 
 
 7
 With the opinion thus amended, the panel has voted to deny the petition for rehearing.